IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02110-PAB-KAS

KIRK CORNELL HURD,

      Plaintiff,

v.

STEPHANIE R. DOVE, NP,

      Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on Defendant's **Motion to Dismiss the Third Amended Complaint** [#30][1] (the "Motion"). Plaintiff filed a Response [#32] in opposition to the Motion [#30], and Defendant filed a Reply [#36]. The Motion [#30] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#31]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS** that the Motion [#30] be **GRANTED**.

---

[1] "[#30]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

## I. Background[2]

Plaintiff proceeds in this matter as a pro se litigant.[3] At all times relevant to this litigation, he was incarcerated at the Denver Reception and Diagnostic Center ("DRDC"). *See Third Am. Compl.* [#20] at 6.

On July 10, 2020, Plaintiff was diagnosed with stage IV base-of-tongue squamous cell carcinoma. *Id.* at 5. Plaintiff consented to having an Infuse-A-Port and a gastronomy tube ("G-tube") placed in him. *Id.* Plaintiff received his nutrition through the G-tube to his stomach for over a year. *Id.*

On July 22, 2021, a physician ordered removal of the G-tube. *Id.* The removal procedure seems to have occurred on September 9, 2021, at the Aurora South Radiology Care Unit. *Id.* at 6. He was told by a nurse there that "[t]he gastric wall spontaneously closes with the removal of the G-tube, if there are any complications of leakages, contact us immediately for your follow up." *Id.* That same day, he was returned to the DRDC. *Id.* He "noticed after drinking a cup of coffee, that [there was] yellow-bio and blood coming

---

[2] For the purpose of resolving the Motion [#30], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Third Amended Complaint [#20]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, to the extent that Plaintiff provides additional allegations or possible new claims in his briefs, the Court notes that a party may not amend his complaint in motion briefing. *See, e.g.*, *Kan. Motorcycle Works USA, LLC v. McCloud*, 569 F. Supp. 3d 1112, 1127 (D. Kan. 2021) (stating that "a party may not amend its complaint by way of arguments in a brief"); *Wilson v. Johnson*, No. 19-cv-2279-CMA-NRN, 2020 WL 5815915, at *5 (D. Colo. Sept. 30, 2020) (stating that it is "well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss").

[3] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

out of the Plaintiff's G-tube site." *Id.* A unit sergeant called in a medical emergency, and Plaintiff was seen by a medical provider, i.e., Defendant. *Id.*

Defendant's notes from the encounter read as follows: "RTC packet reviewed. Offender had apt. with Aurora South interventional radiology department on 9/9/21. No orders or note returned. No change to POC." *Id.* at 7. Plaintiff asserts that Defendant "ignored an obvious and serious danger to the Plaintiff, she did not call Aurora South when complication arose." *Id.* Plaintiff asserts that, as a result of Defendant's inaction, he incurred "pain and suffering . . . for more than 90 days." *Id.* This encounter on September 9, 2021, is the only one that is alleged to have occurred between Plaintiff and Defendant. *See id.* at 6-12.

The evening of September 10, a nurse saw Plaintiff to change the dressing. *Id.* at 7. Plaintiff reported that "the dressing on the g-tube was dry and intact until about 30 minutes after he drinks his coffee. He noticed that his dressing smells like coffee." *Id.* at 8. On September 13, a different medical provider evaluated Plaintiff. *Id.* Plaintiff reported "worsening and increased drainage, food from G-tube since procedure." *Id.* Plaintiff further reported that this had not started immediately following the procedure, and he denied pain or additional symptoms such as fever, chills, nausea, or vomiting. *Id.* Plaintiff asserts that Defendant is "personally responsible for Plaintiff's condition becoming worse and increase[d] drainage." *Id.*

On September 16, he saw a different nurse for a change of the dressing, and Plaintiff reported that food was still leaking out of his stomach. *Id.* at 9. When the old dressing was removed, it was saturated with clear liquid and red particles, which Plaintiff attributed to red chips he had eaten earlier in the day. *Id.* The dressing was changed and

Plaintiff was given plastic and tape to cover the area during showers. *Id.* On September 21, he told a medical provider that he was "feeling 'alright' overall other than "being 'under stress'." *Id.* at 10. He denied physical symptoms but reported that the G-tube site was still draining when he ate or drank, and that it "seems like it is getting worse." *Id.* On September 29, he told a nurse that the site was draining a lot and that it was "getting all over his pants, shirt and shoes." *Id.* On September 30, a medical provider evaluated Plaintiff, who reported that pain had started two days prior for the first time. *Id.* at 11. Plaintiff said that the area "hurts," that the pain was "10/10, like 100 bees stinging me." *Id.* He also said that walking and bowel movements increased the pain, and that he felt bloated. *Id.* The provider called Denver Health, where Plaintiff seems to have been transported thereafter. *Id.* at 10-11. On October 5, back at DRDC, Plaintiff continued to have issues with drainage that was "causing skin breakdown." *Id.* at 11-12.

As a result of these events, Plaintiff asserts a deliberate indifference to medical care claim under the Eighth Amendment. *Id.* at 12. He also asserts a claim under 42 U.S.C. § 1997e(e).[4] *See id.* at 15-16. In the present Motion [#30], Defendant seeks dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A

---

[4] Plaintiff actually asserts his second claim under "42 U.S.C.A. § E (E)." *Third Am. Compl.* [#20] at 15. However, he quotes the language of 42 U.S.C. § 1997e(e), and therefore the Court construes Claim Two as brought under this statute. *See id.* at 15-16.

complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . . [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### III. Analysis

#### A.    42 U.S.C. § 1997e(e)

Plaintiff's Claim Two asserts a cause of action under 42 U.S.C. § 1997e(e). *Third Am. Compl.* [#20] at 15-16. Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]" However, as Defendant points out, *see Motion* [#30] at 7 n.3, this statute does not create a separate private right of action under which

Plaintiff may bring a claim. *See, e.g.*, *Graham v. Richelmon*, No. 3:21-cv-00340-SMY, 2021 WL 2476516, at *7 (S.D. Ill. June 17, 2021) (stating that 42 U.S.C. § 1997e(e) does not "create a private right of action") (citing *McRorie v. Shimoda*, 795 F.2d 780, 782 n.3 (9th Cir. 1986)). In fact, 42 U.S.C. § 1997j explicitly provides that "[t]he provisions of this subchapter shall in no way expand or restrict the authority of parties other than the United States to enforce the legal rights which they may have pursuant to existing law with regard to institutionalized persons." Thus, Plaintiff may not assert a cause of action under this statute.

Accordingly, the Court **recommends** that Plaintiff's Claim Two asserted under 42 U.S.C. § 1997e(e) be **dismissed with prejudice**. *See, e.g.*, *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990) (holding that dismissal with prejudice is appropriate where the plaintiff could not correct the defect in the claim by filing an amended complaint).

**B.    Eighth Amendment**

Plaintiff's Claim One asserts a claim of deliberate indifference to medical needs. *Third Am. Compl.* [#20] at 30. "A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). The "deliberate indifference standard lies 'somewhere between the poles of negligence at one end and purpose or knowledge at the other.'" *Est. of Beauford v. Mesa County, Colo.*, 35 F.4th 1248, 1262 (10th Cir. 2022) (quoting *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The deliberate indifference standard contains "both an objective and a subjective component." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

In part, Defendant argues that Plaintiff's claim is barred by the statute of limitations. *Motion* [#30] at 13-15]; *Reply* [#36] at 5-10. "Because there is no applicable federal statute of limitations relating to civil rights actions brought under section 1983, we borrow the limitations period for such claims from the state where the cause of action arose." *Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 F. App'x 685, 690 (10th Cir. 2018) (internal modifications and quotation marks omitted). In Colorado, a two-year limitations period applies to § 1983 claims. *See McDonald v. Citibank N.A.*, No. 21-1313, 2022 WL 16557957, at *1 n.2 (10th Cir. Nov. 1, 2022) ("Because there is no federal statute of limitations for § 1983 and § 1985 actions, Colorado's two-year residual statute of limitations for personal-injury claims applies to those claims."); *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (stating that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued).

Here, as outlined in the background section, Plaintiff alleges a sole interaction with Defendant, occurring on September 9, 2021. *See Third Am. Compl.* [#20] at 6-12. "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). Plaintiff asserts that Defendant "ignored an obvious and serious danger" to Plaintiff on September 9, 2021, when she did not seek outside services to address his medical issue, i.e., the "yellow-bio and blood coming out of the Plaintiff's G-tube site."[5] *Third Am. Compl.* [#20] at 7. Thus, the Complaint renders clear that Plaintiff knew of his injury, i.e.,

---

[5] The Court notes that the objective component of a deliberate indifference claim requires that the deprivation or injury at issue be "sufficiently serious." *Sealock*, 218 F.3d at 1209 (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)). "A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sealock*, 218 F.3d at 1209 (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)).

Defendant's failure to provide adequate medical care or to make sure Plaintiff received medical care from someone else, no later than September 9, 2021; the statute of limitations passed two years later, in September 2023.

Plaintiff argues that he discovered Defendant's "part in this violation of the Plaintiff's rights" on August 6, 2022, which would make his claim timely. *Response* [#32] at 3. Although Plaintiff provides no information as to what happened on this date, such as whether Plaintiff then received a copy of medical records with Defendant's name on it, there is no information here to contradict the Court's finding that Plaintiff knew or had reason to know of his *injury*, i.e., Defendant's failure to provide medical care or to contact others who would provide medical care for Plaintiff's injury, on September 9, 2021. *See Smith*, 149 F.3d at 1154. The statute of limitations does not begin to run when Plaintiff learned of Defendant's identity.

Plaintiff filed this lawsuit on August 17, 2023. *Compl.* [#1]. He did not name this Defendant as a defendant in that Complaint [#1]. *See id.* at 2 (identifying "CDOC-Denver Reception and Diagnostic Center" as the sole defendant). Rather, Defendant was first named in this lawsuit when Plaintiff filed an Amended Complaint [#8] on October 30, 2023. Thus, Defendant was named more than a month *after* the statute of limitations had passed.

Amendments can, of course, relate back to the date of filing of an earlier pleading for statute of limitations purposes under certain circumstances, i.e., when the requirements of Fed. R. Civ. P. 15(c)(1) are met. In relevant part, Rule 15(c)(1) provides:

An amendment to a pleading relates back to the date of the original pleading when:
. . .

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom the claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

      (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

      (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Rule 15(c) "mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010).

For the following reasons, the Court finds that the requirements of Rule 15(c)(1) have not been met, and therefore relation back of Plaintiff's amendment adding Defendant to this lawsuit is inappropriate. Plaintiff's amendment did not "assert[ ] a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Plaintiff's original Complaint [#1] sued the Denver Reception and Diagnostic Center, and two defendants simply listed as "Unknown" with no further identifying information, for two purported violations of Plaintiff's First Amendment, Fifth Amendment, and Fourteenth Amendment rights regarding impermissible retaliation impacting his legal mail and access to the courts. Plaintiff did not file a deliberate indifference to medical care claim at that time. Thus, Plaintiff's amendment adding this claim and naming Defendant does not assert a claim arising out of the same conduct, transaction, or occurrence discussed in the original Complaint [#1]. Therefore, the Court finds that relation back is inappropriate, and thus

Plaintiff's claim is untimely and barred by the statute of limitations.[6]

Accordingly, the Court **recommends** that Plaintiff's Claim One regarding deliberate indifference to medical care be **dismissed with prejudice**. *See, e.g.*, *Reynoldson*, 907 F.2d at 126-27.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#30] be **GRANTED** and that Plaintiff's claims be **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and

---

[6] Defendant also argues that Plaintiff fails to meet the requirements of Fed. R. Civ. P. 15(c)(1)(C). *Reply* [#36] at 8-9. However, any delay between the time Plaintiff filed his Amended Complaint [#8] and when Defendant received notice of this suit on January 29, 2024, was not caused by Plaintiff but, rather, by the Court's process of conducting initial review of pro se complaints. Service of a pro se complaint and summons by the United States Marshal Service does not occur until after that initial review has been completed.

recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 22, 2024                          BY THE COURT:

                                                Kathryn A. Starnella
                                                United States Magistrate Judge