IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02110-PAB-KAS

KIRK CORNELL HURD,

     Plaintiff,

v.

STEPHANIE R. DOVE, NP,

     Defendant.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 38]. Plaintiff Kirk Cornell Hurd, proceeding *pro se*,[1] objects to the recommendation. Docket No. 39. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.   BACKGROUND

### A.  Factual Background

The facts are set forth in Magistrate Judge Kathryn A. Starnella's recommendation. Docket No. 38 at 2-4. Neither side has objected to the facts. Therefore, the Court adopts them for purposes of ruling on the objections.

---

[1] Because Mr. Hurd is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will evaluate Mr. Hurd's arguments to the extent that they are responsive to the recommendation and sufficiently developed for the Court to understand them.

This case concerns medical treatment that Mr. Hurd received while he was incarcerated at the Denver Reception and Diagnostic Center ("DRDC"), which is part of the Colorado Department of Corrections.  *Id.* at 2.  On July 10, 2020, Mr. Hurd was diagnosed with stage IV base-of-tongue squamous cell carcinoma.  *Id.*  He consented to having an Infuse-A-Port and a gastronomy tube ("G-tube") placed in him, and he received his nutrition through the G-tube to his stomach for over a year.  *Id.*  The G-tube was removed on September 9, 2021 at the Aurora South Radiology Care Unit.  *Id.*  A nurse there told Mr. Hurd that the gastric wall spontaneously closes with the removal of the G-tube and instructed Mr. Hurd to contact the Aurora South Radiology Care Unit immediately if there were any complications or leakages.  *Id.*

Mr. Hurd was returned to DRDC on the same day.  *Id.*  After drinking a cup of coffee, Mr. Hurd noticed that there was "yellow-bio and blood" coming out of his G-tube site.  *Id.* at 2-3 (quoting Docket No. 20 at 6).  A unit sergeant called in a medical emergency, and Mr. Hurd was seen by defendant Stephanie R. Dove, NP, who was a medical provider at DRDC.  *Id.* at 3.  Ms. Dove's note from the encounter states: "RTC packet reviewed.  Offender had apt. with Aurora South interventional radiology department on 9/9/21.  No orders or note returned.  No change to POC."  *Id.* (quoting Docket No. 20 at 7).  Mr. Hurd alleges that Ms. Dove ignored an obvious and serious danger to him because she did not call Aurora South Radiology Care Unit when the complication from his G-tube removal arose.  *Id.*  Mr. Hurd claims that, as a result of Ms. Dove's inaction, he incurred pain and suffering for more than 90 days.  *Id.*  Mr. Hurd does not allege that he had any other encounter with Ms. Dove.  *Id.*

2

B. <u>Procedural History</u>

Mr. Hurd filed the initial complaint in this case on August 17, 2023.  Docket No. 1. This complaint was brought against DRDC and two defendants listed as "unknown."  *Id.* at 2-3.  It alleged two claims for violations of the First, Fifth, and Fourteenth Amendments based on alleged interference with Mr. Hurd's legal mail, access to the courts, and ability to conduct legal research.  *Id.* at 5-12.  On August 23, 2023, Magistrate Judge Susan B. Prose found that Mr. Hurd's complaint did not comply with the pleading requirements of Federal Rule of Civil Procedure 8 and ordered Mr. Hurd to file an amended complaint if he wished to pursue any claims in this action.  Docket No. 5 at 4, 8.  On October 30, 2023, Mr. Hurd filed an amended complaint.  Docket No. 8. The amended complaint, for the first time, named Ms. Dove as a defendant and brought a claim for deliberate indifference under the Eighth Amendment based on inadequate medical care.[2]  *Id.* at 2-4, 6, 22-30.  On November 6, 2023, Judge Prose found that Mr. Hurd's amended complaint did not comply with Rule 8 and ordered Mr. Hurd to file a second amended complaint.  Docket No. 9 at 7, 13.  Mr. Hurd did so on December 7, 2023.  Docket No. 10.  The case was then reassigned to Judge Starnella.  Docket No. 12.

On January 8, 2024, Mr. Hurd filed a motion seeking to amend his complaint, Docket No. 18, which Judge Starnella granted.  Docket No. 19.  On January 11, 2024, Mr. Hurd filed a third amended complaint, which named only Ms. Dove as a defendant

---

[2] The amended complaint filed on October 30, 2023 names six individuals in addition to Ms. Dove as defendants and brings two claims under the First and Fifth Amendments based on alleged interference with Mr. Hurd's legal mail, access to the courts, and ability to conduct legal research.  Docket No. 8 at 2-4, 25-30.

and brought two claims for her alleged failure to provide medical care.  Docket No. 20 at

12-16.  Judge Starnella's recommendation construes the claims asserted in the third

amended complaint as claim one, deliberate indifference to medical care in violation of

the Eighth Amendment, brought pursuant to 42 U.S.C. § 1983, and claim two, asserting

a claim under 42 U.S.C. § 1997e(e).  Docket No. 38 at 4, 7.  Neither side has objected

to this interpretation of Mr. Hurd's claims.

On August 22, 2024, Judge Starnella filed a recommendation which concludes

that both of Mr. Hurd's claims should be dismissed.  *Id.* at 10.  Judge Starnella

recommends dismissal of Mr. Hurd's claim under 41 U.S.C. § 1997e(e) because that

statute "does not create a separate private right of action under which Plaintiff may bring

a claim."  *Id.* at 5-6.  Judge Starnella recommends dismissing Mr. Hurd's § 1983 claim

on the grounds that it is barred by the statute of limitations, which ran on September 9,

2023.  *Id.* at 8, 10.  Judge Starnella found that Mr. Hurd did not name Ms. Dove as a

defendant or allege a violation of the Eighth Amendment until he filed his first amended

complaint on October 30, 2023 and concludes that Mr. Hurd's amendment adding Ms.

Dove did not relate back.  *Id.* at 8-9.  Mr. Hurd filed an objection on September 6, 2024.

Docket No. 39.

## II.   LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition

that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if

it is both timely and specific*.  United States v. One Parcel of Real Prop. Known as 2121*

*E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection

"enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or is contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

## III.   ANALYSIS

### A. § 1997e(e) Claim

Mr. Hurd objects to Judge Starnella's recommendation to dismiss his second cause of action on the basis that one of the cases she cites, *Graham v. Richelmon*, 2021 WL 2476516, at *7 (S.D. Ill. June 17, 2021), *see* Docket No. 38 at 5-6, "has no relevance whatsoever to this case." Docket No. 39 at 7. As Mr. Hurd points out, *see id.*, the plaintiff in *Graham* brought a claim pursuant to § 1983 against three defendants based on a theory of respondeat superior, *see* 2021 WL 2476516, at *4, whereas Mr. Hurd alleges that Ms. Dove was herself deliberately indifferent to his medical needs. *See, e.g.,* Docket No. 20 at 13-14, ¶ 20. However, Judge Starnella did not cite *Graham* for the principle that a plaintiff may not bring a § 1983 claim based on a respondeat

superior theory of liability.  Rather, she cited it for the principle that 42 U.S.C.

§ 1997e(e) does not create a private right of action.  Docket No. 38 at 5-6 (citing

*Graham*, 2021 WL 2476516, at *7).  That portion of *Graham*'s holding is relevant to this

case since Mr. Hurd's second cause of action purports to be a claim brought under 42

U.S.C. § 1997e(e).  Docket No. 20 at 2, 15.  The Court will overrule Mr. Hurd's

objection.

### B.  § 1983 Claim

Mr. Hurd appears to object to Judge Starnella's conclusion that the requirements

of Rule 15(c)(1) were not met.  Docket No. 39 at 2-4.  However, Mr. Hurd does not

articulate a reason why he believes this conclusion was erroneous.  Instead, the

objection merely quotes the text of Rule 15(c)(1) and states that, "for these reasons, the

Plaintiff objects to the Magistrate Judge's findings."  *Id.* at 4.  The Court will overrule this

objection on the grounds that it is not sufficiently specific.  *See Jones v. United States,*

No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024)

("Objections disputing the correctness of the magistrate's recommendation, but failing to

specify the findings believed to be in error are too general and therefore insufficient."

(quoting *Stamtec, Inc. v. Anson,* 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)));

*see also Barnes v. Omnicell*, 2024 WL 2744761, at *4 (10th Cir. May 28, 2024)

(affirming district court's conclusion that plaintiff's "objections were not sufficiently

specific to focus the district court's attention on the legal and factual issues because he

failed to identify the parts of the recommendation that contained the alleged lies").

Mr. Hurd further objects to the dismissal of his § 1983 claim on the grounds that

Ms. Dove is liable for deliberate indifference in violation of the Eighth Amendment based

on the "gatekeeper theory" of liability.  Docket No. 39 at 8-10.  However, Judge

Starnella recommended dismissal of Mr. Hurd's § 1983 claim on the basis that the claim

is time-barred, not because Mr. Hurd's complaint failed to allege a claim based on a

gatekeeper theory of liability.  *See* Docket No. 38 at 9-10.  Mr. Hurd's objection is

therefore not responsive to the recommendation.  Moreover, the objection is irrelevant

since the Court agrees with Judge Starnella's conclusion that Rule 15(c)(1) was not

satisfied and that Mr. Hurd's § 1983 is therefore time-barred.  The Court will overrule

this objection.

### C.  Non- Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there

are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory

Committee Notes.  Based on this review, the Court has concluded that the

recommendation is a correct application of the facts and the law.  Accordingly, the Court

will dismiss Mr. Hurd's claims against defendants with prejudice.

## IV.    CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

No. 38] is **ACCEPTED**.  It is further

**ORDERED** that Mr. Hurd's Objection to Dismiss [Docket No. 39] is

**OVERRULED**.  It is further

**ORDERED** that Defendant Stephanie R. Dove, NP's Motion to Dismiss  the Third

Amended Complaint [Docket No. 30] is **GRANTED**.  It is further

**ORDERED** that Mr. Hurd's claims are **DISMISSED with prejudice**.  It is further

7

**ORDERED** that this case is closed.


DATED September 16, 2024.

BY THE COURT:

_____

PHILIP A. BRIMMER
Chief United States District Judge